**GIBSON v. INTERNATIONAL FREIGHTING CORPORATION.**

Civil Action No. 6435.

United States District Court
E. D. Pennsylvania.

Oct. 30, 1947.

Rehearing Denied May 19, 1948.
Order Affirmed March 17, 1949.
See 173 F.2d 591.

488

See, also, D.C., 71 F.Supp. 875.

Freedman, Landy & Lorry, of Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, of Philadelphia, Pa., for defendant.

Before KIRKPATRICK, Chief Judge, and WELSH, BARD, GANEY, and McGRANERY, District Judges.

PER CURIAM.

The only question now before the Court is the application of plaintiff under Federal Rules of Civil Procedure, rule 30(b), 28 U.S.C.A., to recover the expenses of plaintiff's counsel in traveling from Philadelphia to Chicago to take the deposition of one of the defendant's witnesses. The Court has heretofore ordered that the deposition be taken orally, reserving at that time decision upon the plaintiff's motion for counsel's expenses.

The plaintiff has been unable to work since the illness which he alleges to have been caused by the accident in suit, and is without funds. The deposition in question was taken on the defendant's behalf to be used as testimony at the trial, and not for discovery. It was therefore desirable that the plaintiff be represented by counsel at its taking. The question raised by this motion presents a matter peculiarly within the discretion of the Court and the Court is of the opinion that, under the circumstances of this particular case, the expenses of plaintiff's counsel should be paid by the defendant.

An order may be presented.

Sur Motion for Reargument.

Before KIRKPATRICK, Chief Judge, and BARD, GANEY and McGRANERY, District Judges.

PER CURIAM.

The opinion filed in this case may well have given the defendant the impression that the sole reason for making the order heretofore entered was that the plaintiff was without funds. To correct this impression we take this occasion to say that that fact is not to be deemed controlling in applications of this kind, but is merely one of the circumstances which may be taken into consideration by the judge to whom the application is made. We repeat, that the matter is entirely within the Court's discretion, to be exercised with regard to the particular circumstances of each case. Without intending to state a rule upon the subject, it may be said that where one party proposes to take the deposition of a witness at a place far distant from the place of trial, not as discovery but to be offered as evidence in the case, the testimony being for his sole benefit and not sought by the other party, it would ordinarily seem fair that he should bear the cost of taking it. If it appears to the Court that the testimony is of such nature that it warrants the presence at the taking of the deposition of the attorney who is to try the case, it would also seem proper to include the traveling expenses of such attorney.

The motion for reargument is denied.